

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

January 5, 1962

Honorable W. G. Walley, Jr.
Acting Criminal District Attorney
Jefferson County
Beaumont, Texas

Opinion No. WW-1236

Re: Authority of the Acting Criminal
District Attorney of Jefferson
County to employ or terminate the
appointment or employment of
Assistant Criminal District Attor-
neys.

Dear Mr. Walley:

Your request for an opinion reads as follows:

"On the 2nd day of January 1962, this writer,
as Acting Criminal District Attorney of Jefferson
County, Texas, terminated the appointment of W. E.
Lea, Assistant Criminal District Attorney for Jef-
ferson County, Texas.

"Subsequently, said former Assistant Criminal
District Attorney requested and obtained a hearing
before the Honorable Commissioners Court of Jeffer-
son County, Texas, the same being for the purpose
of questioning why the appointment of the said W. E.
Lea should be legally terminated. Said former
Assistant Criminal District Attorney stated as
grounds in his request for a hearing before the Hon-
orable Commissioners Court of Jefferson County,
Texas, that he had in all ways performed the duties
assigned to him; that he was appointed by the now
suspended Criminal District Attorney and that the
appointment had been approved by the Commissioners
Court; that neither the now suspended Criminal Dis-
trict Attorney nor the County Commissioners Court
had rescinded his appointment and approved of the
same; that the loss of said appointment at this time
would entail a financial hardship on him the said
W. E. Lea; and that there was no justification for
the Acting Criminal District Attorney's action.

"This writer now requests the Honorable Attorney General of Texas to inform him of whether or not he, as Acting Criminal District Attorney, has authority to terminate the appointment of an Assistant Criminal District Attorney and whether or not he has the authority to hire Assistant Criminal District Attorneys."

Article 3902, Vernon's Civil Statutes, provides that whenever any district, county or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties, he shall apply to the Commissioners Court of his county for authority to appoint such deputies, assistants or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid.

Sections 5 and 6 of Article 52-160b, Vernon's Code of Criminal Procedure, provide in part as follows:

"Sec. 5. The Criminal District Attorney of Jefferson County, for the purpose of conducting the affairs of this office, and with the approval of the Commissioners Court, shall be and is hereby authorized to appoint nine (9) assistants, and fix their salary rate as follows: . . .

"Sec. 6. Should such Criminal District Attorney be of the opinion that the number of assistants or stenographers above provided is not adequate for the proper investigation and prosecution of crime and the effective performance of the duties of his position, with the advice and approval of the Commissioners Court he may appoint additional assistants and stenographers or other employees, as hereinafter limited and fix their salaries as follows: . . ."

Section 4 of Article 326g, Vernon's Civil Statutes, applicable to Jefferson County, provides as follows:

"Sec. 4. The assistant district attorneys above provided for, when appointed, shall take the oath of office and be authorized to represent the State in any court or proceeding in which such district attorney is or shall be authorized to represent the State, such authority to be exercised under the direction of said district attorney. Any such assistant, stenographer, investigator, or employee, whether regular or additional, shall be subject to removal at the will of said district attorney or criminal district attorney."

Honorable W. G. Walley, Jr., page 3   (WW-1236)


         It has been held by this office in numerous opinions
that appointments under Article 3902 above referred to, are not
subject to confirmation by the Commissioners Court and that the
Commissioners Court has no power whatever over naming the indi-
vidual to be appointed an assistant.  Attorney General Opinions
0-305 (1939), 0-480 (1939), 0-1914 (1940), 0-3448 (1941), 0-
3925 (1941), V-699 (1948) and V-1050 (1950).  It is our opinion
that a similar construction is applicable to the provisions of
Article 52-160b, Vernon's Code of Criminal Procedure.  Further-
more, Article 326g, Vernon's Civil Statutes, specifically pro-
vides that assistant district attorneys whether the regular or
additional shall be subject to removal at the will of the dis-
trict attorney or criminal district attorney.

         In view of the provisions of Article 3902, V.C.S., Ar-
ticle 52-160, V.C.C.P. and Article 326g, V.C.S., you are advised
that as Acting Criminal District Attorney for Jefferson County
you have the authority to terminate the appointment of any as-
sistant criminal district attorney.  You are further advised
that you are authorized to hire assistant criminal district attor-
neys.

### SUMMARY

         Under the provisions of Articles 3902, Vernon's
Civil Statutes, 52-160b. Vernon's Code of Criminal
Procedure, and 326g of Vernon's Civil Statutes, the
Acting Criminal District Attorney of Jefferson County
has the authority to terminate the appointment or em-
ployment of any assistant criminal district attorney
and has the authority to hire assistant criminal dis-
trict attorneys.

                         Yours very truly,

                         WILL WILSON
                         Attorney General of Texas


                         By  John Reeves
                             John Reeves
                             Assistant

JR:zt:wb

Honorable W. G. Walley, Jr., page 4    (WW-1236)


APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Arthur Sandlin
Thomas Burrus
Fred Ward

REVIEWED FOR THE ATTORNEY GENERAL

BY:  Houghton Brownlee, Jr.